UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADCAP GROWTH PARTNERS FUND LP,

                              Plaintiff,

                -v.-

BRANDON SCHWAB,

                              Defendant.

25 Civ. 4072 (JHR)

<u>DEFAULT JUDGMENT</u>

---

JENNIFER H. REARDEN, District Judge:

On May 14, 2025, Plaintiff AdCap Growth Partners Fund LP filed this action alleging breach of guaranty and seeking enforcement costs.  ECF No. 1.  Plaintiff served Defendant Brandon Schwab with process on May 21, 2025, ECF No. 6.  Defendant's answer was therefore due on June 11, 2025.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").  Defendant has not responded to the Complaint or otherwise appeared.

On October 14, 2025, the Court directed Plaintiff to "seek a default judgment against Defendant or show cause why this action should not be dismissed for failure to prosecute."  ECF No. 15 (Order).  Plaintiff served the Order on Defendant by overnight mail.  ECF No. 22.  Upon Plaintiff's application on June 17, 2025, ECF Nos. 10, 11, the Clerk of Court issued a certificate of default.  ECF No. 12.

On October 22, 2025, Plaintiff moved for a default judgment, ECF No. 18, and filed an affidavit, declaration, and memorandum of law in support of the motion, ECF Nos. 19-21.  Plaintiff also filed a letter motion to seal Exhibits 12 and 13 in support of the motion for default judgment.  ECF No. 16.  Plaintiff served its motion papers on Defendant by mail pursuant to Federal Rule 5(b)(2)(C).  *See* ECF No. 23, 24.  The October 14, 2025 Order required that Defendant "file his opposition [to any motion for default judgment] within two weeks of the date

of the proof of service, and that Plaintiff [ ] file its reply, if any, one week thereafter." Order. Defendant did not oppose the motion.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions. ECF Nos. 18-21. Because proof of service has been filed; Defendant has failed to respond to the Complaint; the time for doing so has expired; and Defendant has failed to appear to contest the entry of a default judgment, the Court hereby enters a default judgment for Plaintiff against Defendant, with any declaratory, injunctive, and compensatory relief—as well as any costs, interest, and attorneys' fees—to be determined at an inquest. *See Yung Xu v. Kealoha Sushi Inc.*, No. 19 Civ. 11885 (PAE), 2021 WL 1753749, at *1 (S.D.N.Y. May 4, 2021) (granting default judgment); *Ergin v. 8th Hill Inc.*, No. 20 Civ. 4594 (AJN), 2021 WL 4267635, at *5 (S.D.N.Y. Sept. 20, 2021) ("Though it is not necessary, the Court may conduct a hearing or make referrals to determine the amount of damages.").

By separate order, the Court will refer this case to Magistrate Judge Sarah L. Cave for an inquest and for a decision on Plaintiff's motion to seal, ECF No. 16. By **May 7, 2026**, Plaintiff shall serve this Order upon Defendant and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 18.

SO ORDERED.

Dated: May 5, 2026
New York, New York

_Jennifer H. Rearden_
JENNIFER H. REARDEN
United States District Judge

2