UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADCAP GROWTH PARTNERS FUND LP, | |
| Plaintiff, | CIVIL ACTION NO. 25 Civ. 4072 (JHR) (SLC) |
| -v- | **ORDER** |
| BRANDON SCHWAB, | |
| Defendant. | |

**SARAH L. CAVE,** United States Magistrate Judge.

On May 5, 2026, the Honorable Jennifer H. Rearden entered default judgment in favor of Plaintiff AdCap Growth Partners Fund LP ("Plaintiff") and against Defendant Brandon Schwab ("Defendant"), (Dkt. No. 25), and referred this case to the undersigned for a decision on Plaintiff's motion to seal (Dkt. No. 16 (the "Sealing Motion")) and to conduct an inquest on damages (the "Inquest"). (Dkt. No. 26). Accordingly, the Court **ORDERS** the following concerning the Inquest and **GRANTS** the Sealing Motion.

## I.    THE INQUEST

In support of its motion for default judgment, (Dkt. No. 18 (the "MDJ")), Plaintiff submitted: (i) a memorandum of law; (ii) an affidavit from Plaintiff's limited partner and co-founder with exhibits; and (iii) an attorney declaration with exhibits (the "Mathieu Declaration"), which together, set forth Plaintiff's requested damages. (Dkt. Nos. 19–21 (the "Submission")). In the Submission, Plaintiff seeks, inter alia, amounts owed under the parties' loan documents, interest and late fees, attorneys' fees, and "enforcement costs" in the amount of $3,684.17. (Dkt. Nos. 19–21). Plaintiff, however, does not submit receipts

for its "enforcement costs."  See Sanchez v. Jyp Foods Inc., No. 16 Civ. 4472 (JLC), 2018 WL 4502008, at *17 (S.D.N.Y. Sept. 20, 2018) (noting that adequate substantiation is required for an award of costs).  Further, in the Submission, Plaintiff requests "leave to file a supplemental and final statement of attorneys' fees and expenses at a time that this Court deems appropriate for all additional fees and expenses incurred during the pendency of [the MDJ]."  (Dkt. No. 20 at 11 ¶ 39).

Accordingly, it is **ORDERED** that by **May 20, 2026**, Plaintiff shall file its "supplemental and final statement of attorneys' fees and expenses" along with receipts for its claims "enforcement costs," (the "Supplemental Submission," together with the Submission, the "Damages Submission")) and file proof of service of the Supplemental Submission, and this Order, on Defendant.

Assuming Plaintiff files the Supplemental Submission and the required proof of service by **May 20, 2026**, Defendant shall submit his response to Plaintiff's Damages Submission, if any, no later than **June 3, 2026**.  IF DEFENDANT (1) FAILS TO RESPOND TO PLAINTIFF'S DAMAGES SUBMISSION, OR (2) FAILS TO CONTACT MY CHAMBERS BY **JUNE 3, 2026** AND REQUEST AN IN-COURT HEARING, I INTEND TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES BASED ON PLAINTIFF'S DAMAGES SUBMISSION ALONE WITHOUT AN IN-COURT HEARING.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) ("'[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.'" (quoting Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989))).

## II.    THE SEALING MOTION

In connection with the MDJ, Plaintiff filed the Sealing Motion requesting "leave to file under seal and in redacted form Exhibits 12 and 13 to the [Mathieu Declaration]." (Dkt. No. 16 at 1). Exhibits 12 and 13 to the Mathieu Declaration (the "Exhibits") are invoices "sent to Plaintiff by [] counsel for attorneys' fees and expenses incurred in the enforcement of the loan documents underlying this action." (Id. at 1). The Exhibits contain, inter alia, narrative explanations of Plaintiff's counsel's work in this action and details concerning communications between Plaintiff and its counsel. (Dkt. Nos. 17-1; 17-2). Plaintiff requests leave to file the Exhibits under seal and in redacted form to "protect material protected by the attorney-client privilege and attorney work-product doctrine." (Dkt. Nos. 16; 16-1; 16-2). Plaintiff has already filed redacted versions of the Exhibits, (Dkt. Nos. 16-1; 16-2), along with unredacted versions under seal. (Dkt. Nos. 17; 17-1; 17-2).

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosh v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (citing In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)); see United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011) ("The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact, were, kept confidential (3) for the purpose of obtaining or providing legal advice."); In re Grand Jury Subpoena Dated July 6, 2005, 410 F.3d 180, 183 (2d Cir. 2007) ("The attorney work product doctrine provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial.").

Plaintiff argues that its proposed redactions are "narrowly tailored" to protect the material in the Exhibits that is covered by the attorney-client privilege and attorney work-product

3

doctrine. (Dkt. No. 16 at 1). Upon review of Plaintiff's proposed redactions filed under seal and given Defendant's default in this case, (see Dkt. Nos. 12; 25), we agree with Plaintiff that its proposed redactions are "narrowly tailored" to protect the material covered by the attorney-client privilege and attorney work-product doctrine. Accordingly, the Sealing Motion is **GRANTED**. Given that Plaintiff already filed redacted versions of the Exhibits, (Dkt. Nos. 16-1; 16-2), and unredacted versions under seal, (Dkt. Nos. 17; 17-1; 17-2), Plaintiff is not required to re-file the Exhibits.

The Clerk of Court is respectfully directed to close Dkt. No. 16.

Dated:     New York, New York
           May 6, 2026

SO ORDERED.

SARAH L. CAVE
**United States Magistrate Judge**

4